UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMIL LAVAHN INGRAM,

    Movant,

v.

UNITED STATES OF AMERICA,

    Respondent.
_____/

File No. 1:09-CV-891

HON. ROBERT HOLMES BELL

# **O P I N I O N**

This matter comes before the Court on Movant Jamil Lavahn Ingram's motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct the sentence imposed upon him by this Court. For the reasons that follow, an evidentiary hearing will be granted.

## I.

Movant was originally indicted on January 27, 2007, for conspiring to distribute more than 50 grams of a mixture containing cocaine base in violation of U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A)(iii). (File No. 1:07-CR-233, Dkt. No. 1, Indict.) Movant pleaded guilty on May 14, 2008, pursuant to a plea agreement. (File No. 1:07-CR-233, Dkt. No. 35.) On October 9, 2008, this Court sentenced Movant to 300 months incarceration and five years of supervised release. (File No. 1:07-CR-233, Dkt. No. 51.) Movant filed a pro se notice of appeal and a motion for a certificate of appealability on June 1, 2009, both of which were dismissed. (File No. 1:07-CR-233, Dkt. Nos. 58, 60.) Movant filed his § 2255 motion on September 28, 2009. (Dkt. No. 1.)

## II.

To prevail on a § 2255 motion "'a petitioner must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict.'" *Humphress v. United States*, 398 F.3d 855, 858 (6th Cir. 2005) (quoting *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003)). Non-constitutional errors are generally outside the scope of § 2255 relief. *United States v. Cofield*, 233 F.3d 405, 407 (6th Cir. 2000). A movant can prevail on a § 2255 motion alleging non-constitutional error only by establishing a "'fundamental defect which inherently results in a complete miscarriage of justice, or, an error so egregious that it amounts to a violation of due process.'" *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) (quoting *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990) (internal quotation marks omitted)).

As a general rule, claims not raised on direct appeal are procedurally defaulted and may not be raised on collateral review unless the petitioner shows either: (1) "cause" and "actual prejudice"; or (2) "actual innocence." *Massaro v. United States*, 538 U.S. 500, 504 (2003); *Bousley v. United States*, 523 U.S. 614, 621-22 (1998); *United States v. Frady*, 456 U.S. 152, 167-68 (1982). An ineffective assistance of counsel claim, however, is not subject to the procedural default rule. *Massaro*, 538 U.S. at 504. An ineffective assistance of counsel claim may be raised in a collateral proceeding under § 2255, whether or not the movant could have raised the claim on direct appeal. *Id.*

A court is required to grant a hearing to determine the issues and make findings of fact and conclusions of law on a § 2255 motion "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief . . . ." 28 U.S.C. § 2255(b). Where the judge considering the § 2255 motion also conducted the trial, the judge may rely on his or her recollections of the trial. *Blanton v. United States*, 94 F.3d 227, 235 (6th Cir. 1996).

## III.

Movant alleges that Counsel was ineffective because he did not file an appeal despite Movant's request that he do so. *Id.* "[A] lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable." *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000). As a result, the Court will "presume[] prejudice with no further showing from the defendant on the merits of his underlying claims when the violation of the right to counsel rendered the proceeding presumptively unreliable or entirely nonexistent." *Id.* at 484. Counsel is only required to file a notice of appeal upon the request of the client, and in the absence of such request, Counsel must at the very least consult with the client. *Id.* at 478. Consultation occurs when the attorney "advis[es] the defendant about the advantages and disadvantages of taking an appeal, and mak[es] a reasonable effort to discover the defendant's wishes." *Id.* If consultation has occurred, then "[c]ounsel performs in a professionally unreasonable manner only by failing to follow the defendant's *express instructions* with respect to an appeal." *Id.* (emphasis added). Movant

3

must show by a preponderance of the evidence that he expressly requested that Counsel file a notice of appeal, and Counsel failed to do so. *See Pough v. United States,* 442 F.3d 959, 964 (6th Cir. 2006) (quoting *Wright v. United States,* 624 F.2d 557, 558 (5th Cir. 1980)).

Movant alleges that he consulted with Counsel and told him to file a notice of appeal. (Dkt. No. 1.) The government, in its response, claims that Counsel was told *not* to file an appeal after consulting with Movant. (Dkt. No. 6, Attachs. 1, Letter; 2, Aff. of Mr. Richard Zambon, at ¶ 16.) Because both parties stipulate that Counsel did consult with Movant, the issue is whether Movant expressly instructed Counsel to file an appeal on his behalf.

Movant sent a letter to Counsel on February 6, 2009, almost four months after sentencing, asking for an update on the status of Movant's appeal. (Dkt. No. 1, at 14.) Counsel responded three days later saying that no appeal was pending because Movant specifically "instructed [him] not to file an appeal after [they] discussed [Movant's] chances of success on appeal." (Dkt. No. 6, Attach. 2.) Counsel stated that "had [Movant] instructed [him] to file an appeal [he] would have done so." (Dkt. No. 6, Attach. 3, at ¶ 16.) After Movant received the response from Counsel, Movant filed a notice of appeal along with a request for a certificate of appealability from the court to allow him to file the appeal even though he was late. (File No. 1:07-CR-233, Dkt. No. 57, Attach. 2.) In that letter, Movant alleged the same facts he now claims in his § 2255 motion: that he requested Counsel to file an appeal, Counsel did not file, and the ten day appeal period had closed. *Id.*

Counsel states that "as part of [his] general practice [he] advise[s] clients of their

4

appellate rights while discussing the pre-sentence report with them, which usually takes place two or three weeks before sentencing." (Dkt. No. 6, Attach. 3, at ¶ 13.) While Counsel does not specifically remember a discussion with Movant prior to sentencing, he does claim to recall discussing the appeal after sentencing when handing Movant the appeal packet. (Dkt. No. 6, Attach. 3, at ¶ 14.) Counsel claims that it was during this discussion that Movant specifically instructed him not to file an appeal. (Dkt. No. 6, Attach. 2.)

Movant's claim that he requested Counsel to file notice of appeal is contradicted by the affidavit of Counsel. Both parties have provided letters that corroborate their understanding of the state of the appeal in the few months after sentencing. However, neither of the letters were sent contemporaneously with any relevant discussions they may have had regarding an appeal. If Movant did request that Counsel file an appeal, and Counsel agreed to do so, then Counsel was ineffective for failing to file a notice of appeal and prejudice is presumed. *Roe* at 477. If Movant told Counsel not to file an appeal, then he has no basis to claim ineffective assistance of counsel. *Id.*

For the foregoing reasons, the files and records in this case do not conclusively show that Movant is entitled to no relief under § 2255. Accordingly, the Court will conduct an evidentiary hearing to resolve whether Movant asked Counsel to file an appeal on his behalf.

An order consistent with this opinion shall be entered.


Dated: <u>December 2, 2010</u>　　　　　　　　　　　/s/ Robert Holmes Bell　　　　　
　　　　　　　　　　　　　　　　　　　　　　　ROBERT HOLMES BELL
　　　　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE