UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMIL LAVAHN INGRAM,

      Movant,

                                File No. 1:09-cv-891

v.

                                HON. ROBERT HOLMES BELL

UNITED STATES OF AMERICA,

      Respondent.
                               /

# **O P I N I O N**

This matter comes before the Court on Movant Jamil Lavahn Ingram's motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct the sentence imposed upon him by this Court. For the reasons that follow, the motion will be denied.

## I.

Movant was originally indicted on January 27, 2007, for conspiring to distribute more than 50 grams of a mixture containing cocaine base. Attorney Richard Zambon was appointed to represent Mr. Ingram. After negotiations between Mr. Zambon and the Government, Movant signed a plea agreement and entered a plea of guilty on May 14, 2008. (File No. 1:07-CR-233, Dkt. No. 35.) In the plea agreement, the Government agreed not to file a notice of sentence enhancement based upon prior felony drug convictions which would have raised the statutory penalty to mandatory life in prison without the possibility of release.

The Presentence Report ("PSR") prepared for Mr. Ingram's case called for a sentencing guideline range of 360 months to life. At sentencing on October 9, 2008, Mr. Zambon raised several objections to the PSR on behalf of Movant. This Court resolved the

objections in Movant's favor, resulting in a guidelines range of 324 to 405 months. This Court then sentenced Movant to 300 months incarceration and five years of supervised release. (File No. 1:07-CR-233, Dkt. No. 56.) The Court also acceded to Movant's request that the sentence run concurrently with a previous sentence issued in the Eastern District of Michigan.

No notice of appeal was filed within the designated 10 day period. On October 29, 2008, Mr. Zambon sent Movant a form letter notifying him that his file was closed. However, on February 6, 2009, some four months after sentencing, Movant sent a letter to Mr. Zambon inquiring on the status of his appeal. (Dkt. No. 1 at 14.) Mr. Zambon responded three days later in a letter stating that no appeal was pending because Movant specifically "instructed [him] not to file an appeal after [they] discussed [Movant's] chances of success on appeal." (Dkt. No. 6, Attach. 2.) After receipt of Mr. Zambon's letter, Movant filed a notice of appeal, which was rejected by the Sixth Circuit as untimely. (File No. 1:07-CR-233, Dkt. Nos. 59-60.)

Movant now seeks relief from his sentence under 28 U.S.C. § 2255 on grounds that Mr. Zambon provided ineffective assistance of counsel by failing to file a notice of appeal. The Government contends that, on Mr. Zambon's advice, Movant instructed counsel *not* to file an appeal.

## II.

The central factual question before the Court is whether Movant asked Mr. Zambon to file an appeal on his behalf. "[A] lawyer who disregards specific instructions from the

defendant to file a notice of appeal acts in a manner that is professionally unreasonable." *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000). Counsel's "failure to perfect a direct appeal, in derogation of a defendant's actual request, is a per se violation of the Sixth Amendment" regardless of whether the appeal would have been successful. *Ludwig v. United States*, 162 F.3d 456, 459 (6th Cir. 1998).

If the Court finds that Movant did request that Mr. Zambon file an appeal, and Mr. Zambon agreed to do so, then he was ineffective for failing to file a notice of appeal and prejudice against Movant is presumed. *Roe* at 477. If Movant told Mr. Zambon *not* to file an appeal, then he has no basis to claim ineffective assistance of counsel. *Id.*

### III.

At an evidentiary hearing held before this Court on April 21, 20011, Movant testified that, immediately after his sentencing, he inquired of Mr. Zambon whether he would appeal the sentence, and Mr. Zambon replied, "Shit yeah, we're going to appeal." Mr. Zambon denies saying this, and testified that he advised Movant not to appeal. He explained to Movant that, in his opinion, there was no basis for appeal, and even a successful appeal could hurt Movant by nullifying concessions gained during plea bargaining and at the sentencing hearing. Mr. Zambon testified that he certainly would have filed an appeal had Movant requested him to do so, but that Movant had taken his advice and instructed him not to file.

The Court finds that Mr. Zambon's testimony is more credible than that of Movant. Despite receiving a letter giving notice that his file had been closed, four months passed before Movant contacted Mr. Zambon regarding an appeal. The delay is a strong indication

3

that Movant did not believe that an appeal was pending, and that he contacted Mr. Zambon only after time and growing dissatisfaction with his sentence generated a desire to appeal. Indeed, there is some indication that this motion may have been instigated by unknown persons; Movant testified that he did not write the pleadings or supporting briefs in this § 2255 action, and that he had read them only briefly before signing them. Upon cross examination, he showed a lack of familiarity with the claims and facts alleged in his § 2255 motion, casting further doubt on his credibility.

Mr. Zambon's testimony was offered from a clear memory of his discussion with Movant at the sentencing hearing. The Court finds it reasonable and logical that Mr. Zambon would advise Movant not to appeal his sentence given Movant's success on all objections and requests made at sentencing, given the Government's agreement not to file a notice of sentence enhancement, and given a sentence that was below the guideline range. Under these circumstances, a competent lawyer may well have advised a client not to appeal, and a self-interested client would have done well to accept that advice. Although the potential merits of an appeal is not primarily at issue, these circumstances lend additional credibility to Mr. Zambon's testimony. Furthermore, the Court finds it highly unlikely that Mr. Zambon, who by all appearances provided excellent representation in this matter,[1] would neglect to file a notice of appeal if, as Plaintiff alleges, he had promised to do so.

For the reasons stated herein, Movant has not shown that Mr. Zambon was instructed

---

[1] Movant acknowledged that, during and after the sentencing hearing, he remained satisfied with Mr. Zambon's representation.

4

to file an appeal. Thus, Mr. Zambon's representation did not fall below an objective standard of reasonableness, and Movant's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 will be denied.

## IV.

Pursuant to 28 U.S.C. § 2253(c), the Court must also assess whether to issue a certificate of appealability to Movant. To warrant a grant of a certificate of appealability, Movant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Sixth Circuit Court of Appeals has disapproved of the issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. Id. Upon review of each claim, the Court does not believe that reasonable jurists would find its assessment of Movant's claims to be debatable or wrong. Accordingly, a certificate of appealability will also be denied as to each claim.

An order and judgment consistent with this opinion will be entered.

Dated: <u>April 26, 2011</u>  /s/ Robert Holmes Bell
ROBERT HOLMES BELL
UNITED STATES DISTRICT JUDGE